IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Trenton Pendarvis,<br><br>Plaintiff,<br><br>v.<br><br>Mark A. Keel, Hugh E. Weathers, Adam L. Whitsett, Frank O'Neal, Jason Wells, Glenn Wood, John Neale, Alden T. Dalton, and Derek M. Underwood,<br><br>Defendants. | Civil Action No. 2:25-8656-BHH<br><br>**ORDER** |

Plaintiff John Trenton Pendarvis ("Plaintiff") filed this action on July 28, 2025, against Defendants Mark A. Keel ("Keel"), Hugh E. Weathers ("Weathers"), Adam L. Whitsett ("Whitsett"), Frank O'Neal ("O'Neal"), Jason Wells ("Wells"), Glenn Wood ("Wood"), John Neale ("Neale"), Alden T. Dalton ("Dalton"), and Derek M. Underwood ("Underwood") (collectively, "Defendants"), alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On September 26, 2025, Defendants Keel, Whitsett, O'Neal, Wells, Neale, and Wood (collectively, "the SLED Defendants") filed a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 13.) On October 6, 2025, Defendants Weathers, Dalton, and Underwood (collectively, "the SCDAG Defendants") also filed a motion to dismiss pursuant to Rule 12(b)(6). (ECF No. 17.) Plaintiff filed responses in opposition to Defendants' motions, and Defendants filed replies. (*See* ECF Nos. 18, 19, 20, 23.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matters were referred to a United States Magistrate Judge for

initial review.

On October 19, 2023, Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant both motions to dismiss and dismiss this action with prejudice. (ECF No. 24.) On May 26, 2026, Plaintiff filed objections to the Magistrate Judge's Report, objecting solely to the Magistrate Judge's recommendation that the Court dismiss Plaintiff's Fourth Amendment malicious prosecution claim against the SLED Defendants. (ECF No. 25.) The SLED Defendants filed a reply to Plaintiff's objections, and the matter is ripe for review.

For the reasons set forth below, the Court adopts in full the Magistrate Judge's Report, overrules Plaintiff's objection, grants Defendants' motions to dismiss, and dismisses this action with prejudice.

## **STANDARDS OF REVIEW**

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a

*de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**II. Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 678.

**DISCUSSION**

In her Report, the Magistrate Judge first thoroughly outlined the factual background and the history of this case, including the three other lawsuits Plaintiff has filed related to the same events. With respect to Plaintiff's prior federal action, *see Pendarvis v. Wilson, et al.*, No. 2:22-cv-03142-BHH-MHC ("*Pendarvis I*"), the Magistrate Judge explained that

this Court dismissed Plaintiff's second amended complaint without prejudice in that action and that Plaintiff's appeal in that action was still pending before the Court of Appeals for the Fourth Circuit when Plaintiff filed the instant action. As the Magistrate Judge also noted, however, on February 10, 2026, the Fourth Circuit found that the operative second amended complaint in *Pendarvis I* failed to adequately plead Article III standing," such that "the district court lacked jurisdiction to dismiss on the merits." *Pendarvis v. Wilson et al.*,, No. 24-6654 2026 WL 371143 (4th Cir. Feb. 10, 2026). As such, following remand in *Pendarvis I*, this Court entered an order dismissing the case without prejudice for lack of jurisdiction. *Pendarvis I*, Entry No. 110.

It is against this factual and procedural backdrop that the Magistrate Judge evaluated the seven claims alleged by Plaintiff in this action: (1) a claim pursuant to 42 U.S.C. § 1983 against the SLED Defendants for violation of Plaintiff's Fourth and Fourteenth Amendment rights by arresting him; (2) a § 1983 claim against all Defendants for violation of Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights by seizing and destroying his property without any due process; (3) a § 1983 claim against all Defendants for violation of Plaintiff's Fourth and Fourteenth Amendment rights for malicious prosecution; (4) a § 1983 claim against Defendants Keel, Whitsett, Weathers, and Dalton for bystander liability for failure to protect Plaintiff from violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights; (6) a § 1983 claim against Defendants Keel and Weathers for supervisor liability for violations of Plaintiff's First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights; and (7) a § 1983 claim against all Defendants for conspiracy to violate Plaintiff's constitutional rights. (ECF No. 1 at 21-39.)

After explaining that South Carolina's three-year statute of limitations applies to

Plaintiff's § 1983 claims, the Magistrate Judge found that Plaintiff's claims in his first, second, fifth, and sixth causes of action are fully time-barred because the claims are based on alleged constitutional violations that occurred on or before September 19, 2019, and that Plaintiff's seventh cause of action is time-barred except to the extent that Plaintiff asserts a conspiracy to violate his First Amendment rights. (ECF No. 24 at 16.) The Magistrate Judge recommended that the Court dismiss all of Plaintiff's time-barred claims with prejudice.

Next, as to Plaintiff's claim for violation of his First Amendment right of access to the courts, the Magistrate Judge agreed with Defendants that they are entitled to qualified immunity on this claim. (*Id.* at 17-20.) The Magistrate Judge noted that Plaintiff has been able to file multiple civil suits and that he alleges only that he has had a difficult time obtaining fulsome discovery responses in those suits. Ultimately, the Magistrate Judge concluded that Plaintiff "cannot state a First Amendment claim for denial of access to the courts based upon discovery issues in his underlying state cases, and he has not otherwise alleged facts giving rise to a First Amendment claim." (*Id.* at 20.) As such, the Magistrate Judge recommended that the Court grant Defendants' motions to dismiss as to Plaintiff's fourth cause of action and the remaining portion of his seventh cause of action asserting conspiracy to violate Plaintiff's First Amendment rights. (*Id.*)

As to Plaintiff's claim that Defendants violated his Fourth Amendment right to be free from malicious prosecution, the Magistrate Judge first set forth the applicable law, noting that a malicious prosecution claim under § 1983 is understood as a Fourth Amendment claim for unreasonable seizure that also incorporates some of the elements of the common law tort of malicious prosecution. (*See id.* at 21 (citing cases).) Specifically, the Magistrate

Judge explained that to state such a claim, a plaintiff must allege that a defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) the criminal proceedings terminated in the plaintiff's favor. (*Id.*)

With respect to the SLED Defendants, the Magistrate Judge found that the facts alleged in Plaintiff's complaint are insufficient to show that they lacked probable cause to arrest Plaintiff, such that the complaint fails to state a claim of malicious prosecution against these Defendants. (*Id.* at 22-24.) In addition, the Magistrate Judge found that, when the SLED Defendants obtained the warrant and arrested Plaintiff, "existing precedent did not place the statutory or constitutional questions beyond debate," such that the SLED Defendants are also entitled to qualified immunity on Plaintiff's malicious prosecution claim. Likewise, with respect to the SCDAG Defendants, the Magistrate Judge found that Plaintiff failed to allege sufficient facts to state a claim of malicious prosecution against these Defendants and that they are entitled to qualified immunity. Thus, the Magistrate Judge recommended that the Court dismiss Plaintiff's malicious prosecution claim against all Defendants with prejudice.

In his objections to the Magistrate Judge's Report, Plaintiff objects only to the Magistrate Judge's recommendation that the Court dismiss Plaintiff's malicious prosecution claim against the SLED Defendants. (ECF No. 25 at 1.) In summary, Plaintiff asserts that the Magistrate Judge's analysis focuses solely on the SLED Defendants' initiation of criminal proceedings against him and ignores that the SLED Defendants did more than initiate those proceedings; e.g., Plaintiff alleges they affirmatively maintained the criminal proceedings by false means. (*Id.* at 2-3.) In short, Plaintiff argues that the SLED Defendants provided misleading and incorrect information to talk the First Circuit Solicitor's

Office out of dismissing the charges against Plaintiff, and Plaintiff asserts that the Magistrate Judge did not consider these factual allegations or the "continuation/ maintaining" element of a § 1983 malicious prosecution claim. (*Id.* at 3-4.)

After *de novo* review, the Court finds Plaintiff's objection entirely unavailing. As an initial matter, the Court notes that the Magistrate Judge set forth and applied the correct principles of law, explaining that the foundation of a § 1983 malicious prosecution claim is a seizure in violation of the Fourth Amendment. *See Lambert v. Williams*, 223 F.3d 257, 261-62 (4th Cir. 2000). As the Fourth Circuit has explained, a § 1983 malicious prosecution claim "is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution–specifically, the requirement that the prior proceeding terminate favorably to the plaintiff. *Lambert*, 223 F.3d at 262 (citing *Brooks v. City of Winston-Salem* 85 F.3d 178, 183 (4th Cir. 1996)); *see also Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009) ("While it is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution, [ ] if there is such a right, the plaintiff must demonstrate both an unreasonable seizure and a favorable termination of the criminal proceeding flowing from the seizure.") (internal citations omitted).

Here, viewing the allegations in the light most favorable to Plaintiff, the Court wholly agrees with the Magistrate Judge that Plaintiff's complaint fails to allege facts to show that he was seized by the SLED Defendants pursuant to legal process unsupported by probable cause. As the Magistrate Judge properly noted, Plaintiff's own allegations assert that he cultivated hemp on unlicensed acreage and that the South Carolina Department of Agriculture determined that his actions constituted a wilful violation of the South Carolina

Hemp Farming Act. S.C. Code Ann. § 46-55-20(A)(1). Furthermore, the Court is simply not persuaded by Plaintiff's attempt to sidestep the relevant probable cause analysis by recasting his claim as one based on the continued maintenance of criminal proceedings against him. As a practical matter, and as the SLED Defendants correctly point out in their reply to Plaintiff's objections, "[o]nce a neutral magistrate finds probable cause and issues an arrest warrant, . . . the Fourth Amendment does not impose any further requirement of judicial oversight or reasonable investigation to render pretrial seizure reasonable." *Safar v. Tingle*, 859 F.3d 241, 247-48 (4th Cir. 2017). "Accordingly, an officer's failure to act upon allegedly exculpatory evidence does not render the continuing pretrial seizure of a criminal suspect unreasonable under the Fourth Amendment." *Id.* at 248. Ultimately, Plaintiff has not alleged sufficient facts to show that the SLED Defendants lacked probable cause to obtain a warrant and arrest Plaintiff for the unlawful cultivation of hemp. As such, his complaint fails to state a plausible § 1983 malicious prosecution against these Defendants.

Furthermore, the Court notes that Plaintiff's objection wholly overlooks the Magistrate Judge's additional finding that the SLED Defendants are entitled to qualified immunity as to Plaintiff's § 1983 malicious prosecution claim. After review, the Court finds no error in the Magistrate Judge's qualified immunity analysis and therefore finds that, even if Plaintiff's allegations were sufficient to state a plausible § 1983 malicious prosecution claim against the SLED Defendants, they would be entitled to qualified immunity.

Lastly, as to all of the Magistrate Judge's other findings, to which Plaintiff does not object, the Court has reviewed the matter and finds no error. Indeed, even reviewing the matter *de novo*, the Court fully agrees with the Magistrate Judge's careful and thorough

analysis in this case. As such, the Court affirms the Magistrate Judge's Report on all issues and adopts it in full.

## CONCLUSION

Based on the foregoing, the Court **adopts in full** and specifically incorporates the Magistrate Judge's Report (**ECF No. 24**) and **overrules** Plaintiff's sole objection (ECF No. **25**). Thus, for the reasons set forth both in the Report and herein, the Court **grants** Defendants' motions to dismiss (**ECF Nos. 13, 17**), and the Court dismisses this action **with prejudice**.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 31, 2026
Charleston, South Carolina